Generated: 01/10/2024

| AOC-105   Sum Code: CI | | Case Number **24-CI-00020** |
|---|---|---|
| Rev. 1-07 |  | Court CI |
| Commonwealth of Kentucky<br>Court of Justice<br>CR 4.02; Cr Official Form 1 | **Civil Summons** | County FLOYD |

*Plantiff,* JOHNSON, TIFFANY VS. GIBSON, SAMMIE, *Defendant*

SHOFNER, B. DEAN
1709 KY RY 321
PRESTONSBURG          KY     41653

The Commonwealth of Kentucky to the above-named Defendant(s):

You are hereby notified a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with this summons. Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days following the day this paper is delivered to you, judgement by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this summons.

Douglas R. Hall, Floyd Circuit Clerk

By _____, DC

Date: 01/10/2024

BIG SANDY HEALTH CARE, INC.

**Proof of Service**

[ ] This Summons was served by delivering a true copy and the Complaint (or other initiating document)
    To: _____

[ ] Not Served because: _____

Date: _____, 2____.                              _____
                                                        Served by

CI    24-CI-00020
JOHNSON, TIFFANY VS. GIBSON, SAMMIE



**COMMONWEALTH OF KENTUCKY**
**FLOYD CIRCUIT COURT**
**CIVIL ACTION NO.: 24-CI-_____**

**TIFFANY JOHNSON**                                                          **PLAINTIFF**

**VS.**

**SAMMIE GIBSON, D.O., and**
**APPALACHIAN REGIONAL HEALTHCARE, INC.,**
**D/B/A HIGHLANDS REGIONAL ARH, and**
**BIG SANDY HEALTH CARE, INC.**                                              **DEFENDANTS**

<u>**SERVE BY CERTIFIED MAIL:**</u>

**SAMMIE GIBSON, D.O.**
5000 KY ROUTE 321
STE 2127
PRESTONSBURG, KENTUCKY 41653-9113

**APPLACHIAN REGIONAL HEALTHCARE, INC.**
**D/B/A HAZARD ARH AND HIGHLANDS REGIONAL ARH**
**REGISTERED AGENT:**
CHRISTI LEE
ARH SYSTEM CENTER-HAZARD
101 AIRPORT GARDENS ROAD, STE. 306
HAZARD, KENTUCKY 41701

**BIG SANDY HEALTH CARE, INC.**
**REGISTERED AGENT:**
B. DEAN SHOFNER, CEO
1709 KY ROUTE 321
PRESTONSBURG, KENTUCKY 41653

<u>**COMPLAINT WITH DEMAND FOR JURY TRIAL**</u>

COMES the Plaintiff, **TIFFANY JOHNSON,** by and through Counsel, and for her Complaint against the Defendants herein, states as follows:

<u>**JURISDICTION AND VENUE**</u>

1. That at all times relevant herein, the Plaintiff, **TIFFANY JOHNSON**, is a citizen and resident of Floyd County, Kentucky, with a mailing address of 780 Ivey Creek Road, Apt. 36, Ivel, Kentucky, 41642.

2. That the Defendant, **APPLACHIAN REGIONAL HEALTHCARE, INC. D/B/A HAZARD ARH AND HIGHLANDS REGIONAL ARH**, is and at all times relevant herein, a business entity duly authorized to do business in the Commonwealth of Kentucky with the power to sue and be sued, whose principal office is located at 2260 Executive Drive Lexington, KY 40505 and which should be served by process upon its Registered Agent: Christi Lee, Arh System Center-Hazard, 101 Airport Gardens Road, Suite 305, Hazard, Ky 417001.

3. That the Defendant, **BIG SANDY HEALTH CARE, INC.**, is and at all times relevant herein, a business entity duly authorized to do business in the Commonwealth of Kentucky with the power to sue and be sued, whose principal office is located 1709 KY. RT. 321, STE. 3, PRESTONSBURG, KY 41653 and which should be served by process upon its Registered Agent: B. Dean Shofner, CEO, 1709 KY ROUTE 321 PRESTONSBURG, KY 41653.

4. That the Defendant, **SAMMIE GIBSON, D.O.** is and at all times stated herein believed to be a citizen and resident of Floyd County, Kentucky, and is and was at all times relevant herein a medical doctor engaged in the practice of medicine both individually and as an agent, servant and employee of the Defendant **BIG SANDY HEALTH CARE, INC**, and should be served by Certified Mail at 1709 KY ROUTE 321 PRESTONSBURG, KY 41653.

5. That the Plaintiff, **TIFFANY JOHNSON**, underwent surgeries on January 9-10, 2023 at Defendant, **APPLACHIAN REGIONAL HEALTHCARE, INC. D/B/A HAZARD ARH AND HIGHLANDS REGIONAL ARH**'s, hospital located in Prestonsburg, Floyd County, Kentucky. That The Defendant, **APPLACHIAN REGIONAL HEALTHCARE, INC. D/B/A**

Presiding Judge: HON. JOHNNY RAY HARRIS (631314)
COM : 000002 of 000005

HAZARD ARH AND HIGHLANDS REGIONAL ARH's, failed to provide said exceptional medical care to Plaintiff, **TIFFANY JOHNSON,** despite holding itself out to the general public as providing exceptional medical care.

6. That the Plaintiff's damages exceed the sum of Five Thousand Dollars ($5,000.00), the jurisdictional minimum for the Court herein.

7. That jurisdiction and venue are proper in the Pike Circuit Court.

## FIRST CAUSE OF ACTION

8. That the Plaintiff adopts and reiterates, as if fully set out herein, each and every allegation contained in Paragraphs one (1) through seven (7), and further alleges as follows:

9. That at all times relevant herein the Decedent, **TIFFANY JOHNSON**, was a patient of the Defendant, **APPLACHIAN REGIONAL HEALTHCARE, INC. D/B/A HAZARD ARH AND HIGHLANDS REGIONAL ARH's.** The Defendant negligently and/or recklessly failed to meet the healthcare obligations of Plaintiff, by and through its agents.

10. That as a direct and proximate result of the Defendant's, **APPLACHIAN REGIONAL HEALTHCARE, INC. D/B/A HAZARD ARH AND HIGHLANDS REGIONAL ARH's,** negligent and/or reckless conduct, the Decedent suffered serious personal injury, required medical emergency treatment, endured severe physical pain and suffering, and underwent multiple subsequent surgical procedures relating to damages caused by the surgery performed on or around January 9, 2023.

## SECOND CAUSE OF ACTION

11. That the Plaintiff adopts and reiterates, as if fully set out herein, each and every allegation contained in Paragraphs one (1) through ten (10), and further alleges as follows:

12. That at all times relevant herein the Decedent, **TIFFANY JOHNSON**, was a patient of the Defendant, **BIG SANDY HEALTH CARE, INC**. The Defendant negligently and/or recklessly failed to meet the healthcare obligations of Plaintiff, by and through its agents.

13. That as a direct and proximate result of the Defendant's, **BIG SANDY HEALTH CARE, INC's**, negligent and/or reckless conduct, the Decedent suffered serious personal injury, required medical emergency treatment, endured severe physical pain and suffering, and underwent multiple subsequent surgical procedures relating to damages caused by the surgery performed on or around January 9, 2023.

### THIRD CAUSE OF ACTION

14. That the Plaintiff adopts and reiterates, as if fully set out herein, each and every allegation contained in Paragraphs one (1) through thirteen (13), and further alleges as follows:

15. That at all times relevant herein the Decedent, **TIFFANY JOHNSON**, was a patient of the Defendant, **SAMMIE GIBSON, D.O.**. The Defendant negligently and/or recklessly failed to meet the healthcare obligations owed Plaintiff, by and through its agents.

16. That as a direct and proximate result of the Defendant's, , **BIG SANDY HEALTH CARE, INC**, negligent and/or reckless conduct, the Plaintiff suffers serious personal injury, required medical emergency treatment, endured severe physical pain and suffering, and underwent multiple subsequent surgical procedures relating to damages caused by the surgery performed on or around January 9, 2023.

**WHEREUPON**, the Plaintiff, **TIFFANY JOHNSON**, by and through counsel demands judgement against Defendants, jointly and/or severally, as follows:

Presiding Judge: HON. JOHNNY RAY HARRIS (631314)
COM : 000004 of 000005

1. Trial by jury.

2. Judgment against the Defendants, individually and/or jointly and/or severally, for the wrongful death of the Plaintiff's Decedent, including all medical expenses, reasonable and necessary funeral expenses and all other damages recoverable by the Estate of Decedent resulting from the combined and/or separate failures of the Defendant(s) to meet the healthcare obligations owed to the Defendant.

3. Punitive damages in a sum in excess of the minimum jurisdiction of the Floyd Circuit Court.

4. Pre-judgment and Post-judgment interest.

5. Plaintiff's cost herein expended.

6. Any other relief which Plaintiff may appear entitled either in law or in equity.

**Respectfully Submitted,**

/s/ *Glenn Martin Hammond*

**GLENN MARTIN HAMMOND**
**RYAN M. STRATTON**
**GLENN M. HAMMOND LAW OFFICE**
**685 HAMBLEY BLVD., SUITE 3**
**P.O. BOX 1109**
**PIKEVILLE, KENTUCKY 41502**
**PH: (606) 437-7777**
**FAX: (606) 437-1004**
*Counsels for Plaintiff*

COMMONWEALTH OF KENTUCKY
FLOYD CIRCUIT COURT
CIVIL ACTION NO. 24-CI-00020

TIFFANY JOHNSON,                                    PLAINTIFF

vs.

SAMMIE GIBSON, D.O., et al.                      DEFENDANTS

**ELECTRONICALLY FILED**

## ANSWER OF DEFENDANT, APPALACHIAN REGIONAL HEALTHCARE, INC., TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant, Appalachian Regional Healthcare, Inc. d/b/a Hazard ARH Regional Medical Center and d/b/a Highlands Regional ARH, improperly sued herein as "Appalachian Regional Healthcare, Inc. d/b/a Hazard ARH and Highlands Regional ARH (hereinafter referred to as "ARH" or "Defendant"), by and through counsel, and for its Answer to Plaintiff's Complaint, states and avers as follows:

### FIRST DEFENSE

1. Defendant is without knowledge sufficient to form a belief as to the truth of the statements set forth in Paragraph 1 of Plaintiff's Complaint.

2. Defendant admits the statements set forth in Paragraph 2 of Plaintiff's Complaint.

3. Paragraphs 3 and 4 of Plaintiff's Complaint are not directed to this Defendant and, thus, require no response. To the extent that these Paragraphs are intended to infer or allege negligence against ARH, they are denied.

4. Defendant states that the medical records speak for themselves with regard to the allegations set forth in the first sentence of Paragraph 5 of Plaintiff's Complaint. To

the extent that said allegations are inconsistent with the medical records and/or the collective recollection of the Defendants, Defendant denies same. Further answering, Defendant denies the allegations set forth in the second sentence of Paragraph 5.

5. Defendant denies the allegations set forth in Paragraphs 6 and 7.

### RESPONSE TO PLAINTIFF'S "FIRST CAUSE OF ACTION"

6. Paragraph 8 of Plaintiff's Complaint contains no allegations that require an admission or denial by this Defendant. To the extent that this Paragraph is intended to infer or allege negligence against ARH, it is denied.

7. Defendant states that the medical records speak for themselves with regard to the allegations set forth in the first sentence of Paragraph 9 of Plaintiff's Complaint. To the extent that said allegations are inconsistent with the medical records and/or the collective recollection of the Defendants, Defendant denies same. Further answering, Defendant denies the allegations set forth in the second sentence of Paragraph 9.

8. Defendant denies the allegations set forth in Paragraph 10 of Plaintiff's Complaint.

### RESPONSE TO PLAINTIFF'S "SECOND CAUSE OF ACTION"

9. Paragraph 11 of Plaintiff's Complaint contains no allegations that require an admission or denial by this Defendant. To the extent that this Paragraph is intended to infer or allege negligence against ARH, it is denied.

10. Paragraphs 12 and 13 of Plaintiff's Complaint are not directed to this Defendant and, thus, require no response. To the extent that these Paragraphs are intended to infer or allege negligence against ARH, they are denied.

## RESPONSE TO PLAINTIFF'S "THIRD CAUSE OF ACTION"

11. Paragraph 14 of Plaintiff's Complaint contains no allegations that require an admission or denial by this Defendant. To the extent that this Paragraph is intended to infer or allege negligence against ARH, it is denied.

12. Paragraphs 15 and 16 of Plaintiff's Complaint are not directed to this Defendant and, thus, require no response. To the extent that these Paragraphs are intended to infer or allege negligence against ARH, they are denied.

13. Defendant denies Plaintiff's entitlement to judgment as set forth in the narrative "Wherefore" paragraph at the conclusion of Plaintiff's Complaint, including, but not limited to, sub-paragraphs 1 through 6.

14. Defendant denies each and every allegation not specifically admitted, including, but not limited to, all allegations of negligence asserted by Plaintiff.

## SECOND DEFENSE

15. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

16. Plaintiff's injuries, if any, were a direct and proximate result of the Plaintiff's acts, omissions, and/or negligence, and not the result of any acts, omissions, and/or negligence on the part of this Defendant.

## FOURTH DEFENSE

17. Any injuries or damages sustained by Plaintiff, if any, were the result of an unforeseeable and untoward series of events over which Defendant had no control and, as such, constitute an Act of God for which Defendant cannot be held liable.

## FIFTH DEFENSE

18. Plaintiff's injuries, if any, were caused by a third party or parties who are neither under the control of nor in the employ of Defendant and for whom Defendant has no legal responsibility.

## SIXTH DEFENSE

19. The injuries and/or damages alleged in Plaintiff's Complaint, which are denied, are the result of a pre-existing condition and/or underlying pathology. Accordingly, the alleged acts and/or omissions of Defendant, which acts and omissions Defendant denies, cannot be deemed the proximate cause of Plaintiff's alleged injuries and/or damages. Nor may said injuries and/or damages be attributed, in whole or in part, to Defendant.

## SEVENTH DEFENSE

20. If Defendant is determined to be liable for any of Plaintiff's alleged injuries and/or damages, which allegations are denied, it is responsible for its proportionate share only.

## EIGHTH DEFENSE

21. Plaintiff's Complaint must be dismissed for failure to join an indispensable party.

## NINTH DEFENSE

22. Defendant is entitled to a set-off of any proceeds paid by any alleged tortfeasor arising out of the incident that is the subject of Plaintiff's Complaint.

## TENTH DEFENSE

23. Plaintiff's Complaint is barred by the applicable statute of limitations.

### ELEVENTH DEFENSE

24. At all times relevant to Plaintiff's treatment at issue herein, ARH and its employees rendered proper care to Plaintiff and adhered to the accepted standards of care.

### TWELFTH DEFENSE

25. Plaintiff's alleged injuries and damages result from the acts of others from whom Defendant may be entitled to indemnification.

### THIRTEENTH DEFENSE

26. Plaintiff failed to mitigate her damages.

### FOURTEENTH DEFENSE

27. Plaintiff has failed to consult with at least one expert qualified to give expert testimony as to the standard of care or negligence in this action, as required by KRS §411.167.

### FIFTEENTH DEFENSE

28. Plaintiff's Complaint should be dismissed as to this Defendant for insufficiency of process and insufficiency of service of process.

### SIXTEENTH DEFENSE

29. Plaintiff's Complaint should be dismissed for lack of jurisdiction and/or improper venue.

### SEVENTEENTH DEFENSE

30. Defendant gives notice it intends to rely upon and utilize any other affirmative defenses that might become available or apparent during the course of discovery and hereby reserves the right to amend this Answer to assert such defense or defenses.

WHEREFORE, Defendant, Appalachian Regional Healthcare, Inc., demands judgment against Plaintiff as follows:

1. Plaintiff takes nothing by her actions;
2. Plaintiff's Complaint be dismissed with prejudice; and
3. Defendant be awarded costs and expenses of suit incurred and such other legal and/or equitable relief as this Court may deem proper.

Respectfully submitted,

RENDIGS, FRY, KIELY, & DENNIS, LLP

/s/ C. Jessica Pratt

C. Jessica Pratt (KY# 90521)
600 Vine Street, Suite 2650
Cincinnati, OH 45202
(513) 381-9200 | telephone
(513) 381-9206 | facsimile
Email: jpratt@rendigs.com
*Counsel for Defendant,*
*Appalachian Regional Healthcare, Inc.*
*d/b/a Hazard ARH Regional Medical Center*
*and d/b/a Highlands Regional ARH*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of January 2024, the foregoing was electronically filed using the Court's KCOJ electronic filing system, and a true and correct copy was served via electronic mail (if available) or First-Class U.S. Mail upon the following:

Glenn Martin Hammond, Esq.
Ryan M. Stratton, Esq.
GLENN M. HAMMOND LAW OFFICE
685 Hambley Blvd., Suite 3
P.O. Box 1109
Pikeville, KY 41502
Email: glenn@gmhlawoffice.com
Email: ryan@gmhlawoffice.com
Email: marty@gmhlawoffic.com
*Counsel for Plaintiff*

Sammie Gibson, D.O.
5000 KY Route 321, Suite 2127
Prestonsburg, KY 41653-9113

Big Sandy Health Care, Inc.
c/o Registered Agent:
B. Dean Shofner, CEO
1709 KY Route 321
Prestonsburg, KY 41653

/s/ *C. Jessica Pratt*
C. Jessica Pratt, Esq.

12744\00035\3225899